OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion for preliminary injunction. The plaintiff is a corporation involved in the placement of personnel for a fee. The individual defendants are former employees of the plaintiff who were substantial business producers on behalf of the plaintiff. The corporate defendant is the corporation owned and organized by the individual defendants. It is alleged by the plaintiff, and not denied, that the defendant corporation was organized by the individual defendants while they were still employed by the plaintiff.
The action is not based upon the usual noncompetition agreement but rather on the individual defendants’ common-law obligation to respect the confidentiality of the employer who has entrusted trade secrets to the employee (Defler Corp. v Kleenman, 19 AD 2d 396, 401). The plaintiff alleges and defendants do not deny that the plaintiff has compiled a list of people seeking executive positions. While the plaintiff’s agency is not the only one in which these applicants for employment have filed their resumés, the fact is that the names, addresses, accomplishments and resumés of such people are not readily compiled from publicly available sources and must be regarded as trade secrets or confidential information (Town & Country House & Home Servs. v Newbery, 3 NY2d 554). Finally, it is undisputed that the individual defendants had free access to this information during the course of their employment with the plaintiff and only by reason of such employment. As a consequence, a duty was imposed upon them not only not to purloin such material or copy it or even commit it to memory with the intention of using it for their own gain but rather they were obligated to respect this confidentiality and utilize it in no way in their own behalf.
The evidence that the defendants actually physically removed or copied the plaintiff’s confidential lists is insufficient to draw such a conclusion. The fact, however, is undenied that the defendants utilized those lists to solicit the business of those job seekers. The contention of the defendants and of some of the people whom they solicited that the calls were *371 purely "social calls” is hardly believable. In some cases, the people who had communication with the defendants said they read their advertisement in the Wall Street Journal or read about them in an article or, in fact, initiated their own calls to the defendants. In such instances, of course, the defendants are not obligated to refuse to deal with such persons despite the fact that their initial contact came through their former employment with the plaintiff. There are others, however, such as Johnson, Gallagher and Schaeffer, where there is no denial of improper solicitation and these, combined with the so-called "social calls”, lead to the conclusion that the defendants have wrongfully utilized the confidential data compiled by the plaintiff at considerable expense over a period of years. Accordingly, a preliminary injunction will issue pending the trial of this action prohibiting the defendants from utilizing in any way the names, addresses, telephone numbers or career information of job applicants procured from the plaintiff’s files.